# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _PG_ D.C.
MAY 03 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Roy M. Belfast Jr.

v.

United States of America

Civil Case No. 1:18-cv-21143-CMA
7017 1000 0000 3159 7698 R3R

## Objections to Magistrate Report and Recommendation

    Here comes Roy M. Belfast Jr. pro-se before the district court and magistrate for the Southern District of Florida seeking relief from magistrates report and recommendation. Petitioner seeks all protections and rights afforded to all pro-se litigants under Haines v. Kerner 404 U.S. 714, and Russell v. City of Tampa 652 fed. Appx. 765 11th Cir.

1

## Magistrates Findings Are Not Supported By Facts In Non-Successive Petition.

Petitioner objects to the Magistrates report and recommendation. Petitioner satisfies the non-successive petition requirement based upon two important factors (Magistrate fails to address all claims in petition).

1.] The May 17th 2017 letter and 168 page FOIA-2016-02166 findings and prosecutors declarations only became available after previous petition.

2.] The evidence provided in FOIA-2016-02166 created the defect which is the erroneous execution of judgment by the warden at U.S.P. Lee. In addition claim of the prosecutors violating statutory, DOJ policy, ABA, Judicial standards did not ripen until declarations were made by government in 2017 and released in FOIA-2016-02166 as part of official response on May 17th, 2017.

The May 17th, 2017, 168 FOIA page release (See Ex "A") demonstrates the bureau of prisons is executing a invalid judgment in relation to count 1 creating a violation of 18 U.S.C. § 4001(a), executive order 13107, 5th, 14th, 8th, 13th sec. 1 Amendments. The FOIA release demonstrates the following in a clear and convincing way.

A.] The department of justice cannot point to any part of the judicial record to prove a violation of 18 U.S.C. § 2340A(c), which is in direct contradiction to past positions by prosecutors involved in case.

B.] These facts were produced by professionals in the executive office of the united states attorneys' office in Washington D.C.

C.] A violation of 18 U.S.C. § 4001(a) has taken place by issuance of the judgment and is on-going due to the erroneous execution of judgment by the warden, which is in violation of "due process".

D.) The FOIA-2016-02166 release reveals a devoidness and or insufficiency of evidence/record in relation to count 1, in violation of Thompson v. Louisville, 362 US 199, 4 L Ed 2d 654, 80 S ct 624 and Jackson v. Virginia, 61 L ed 2d 560, 443 US 307 ("The due process clause of the Federal Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt."), demonstrating "legal" and "factual" innocence as well as a fundamental miscarriage of justice.

E.) 28 U.S.C. § 2072 was violated as petitioners substantive rights were abridged and or modified during the sentencing phase of the proceeding, as the fact finders issued a "advisory opinion" based upon a devoidness and or insufficiency of evidence standard providing "hypothetical jurisdiction" to the court at the sentencing phase of the proceeding. "hypothetical jurisdiction produces nothing more than a hypothetical judgment" (In) Steel Co. v. Citizens For Better Env., 140 L ED 2D 210, 523 US 83.

F.) The "advisory opinion" in relation to count 1, produced a erroneous PSR violating petitioners due process rights, and affected petitioners rights going forward. "Moreover [a] judgment is void... only if the court that rendered it lacked jurisdiction of the subject, or of the parties, or if it acted in a manner inconsistent with due process of law. Union Switch & Signal Div America Standard Inc. v. United Elec./Radio and Mach. Workers of America, 610, 900 F.2d 608, 612 n.1 (3rd Cir. 1990). "Selecting a sentence based on clearly erroneous facts (violates due process) constitutes a significant procedural error." Gall v. U.S. 552 U.S. 38, 51 128 S.ct 586, 169 L.Ed. 2d 445. "PSR not only affects the length of the sentence, but might also determine the defendant's place of incarceration, chance for parole and relationships with social service and correctional agencies after release from prison." United States v. Brown, 715 F.2d 387, 389 n.2 (8th Cir. 1983). ¹ Further like an order, the PSR contains "directions or instruction" about the defendant's sentence. Because the PSR affects the rights and obligations of the defendant, we conclude it is of like kind or character as a "judgment" or "order"..... (See

3

U.S. v. Mackay 5th Cir. court of appeals 757 F.3d 195; 2014 U.S. App. Lexis 12049

G.) The judgment and psr issued by the courts violated 18 U.S.C. § 3621 (1)(2)(3)

The magistrates analysis fails to address the claim concerning the warden at U.S.P. Lee executing a erroneous judgment. The defect could not have occurred prior to the issuance of department of justice letter and 168 page FOIA-2016-02166 release and could not have been made available and was not available as the FOIA request was made on April 20th 2016. May the court take "judicial notice" the claim against the warden executing a erroneous judgment at U.S.P. Lee has never been raised in a prior motion.

## Petitioners Other Claims Exsist Based Upon FOIA-2016-02166 Findings And Prosecutors Declaration.

All other claims naturally emerged based upon the FOIA-2016-02166 findings (See Ex "A") and prosecutor declarations. Both declarations one under FOIA-2016-02166 designation number A0091930_20-000xxx, two document 718 page 4 of 17 demonstrates the following:

1.) The courts nor the government over came the jurisdictional requirement as the indictment provided no basis for such jurisdiction under 18 U.S.C. § 2340 A(b)(1)(2) to address the merits of a violation under 18 U.S.C. § 2340 A(c), the courts remained divested of jurisdiction through-out the entire trial, verdict and sentencing

4

2.) The prosecution had prior knowledge before trial they lacked jurisdiction under 18 U.S.C. § 2340 A(b)(1)(2) to assert a violation of 18 U.S.C. § 2340 A(c), failing to drop the count prior to fact finders being placed in deliberation.

3.) Document 718 (See Ex "B") demonstrates fraud via misrepresentation and or omission, as the government claims to have used a different standard to prove guilt in relation to count 1, yet superiors in Washington D.C. issue findings that prove a devoidness and insufficiency of department of justice and trial records in relation to count 1.

4.) The government committed fraud before the grand jury, as they knew they lacked jurisdiction under 18 U.S.C. § 2340 A(b)(1)(2) to assert 18 U.S.C. § 2340 A(c), yet went before the grand jury to expand count 1, conspiracy count in superseding and second superseding indictment.

The prosecutorial misconduct defect could not have been available to petitioner during previous petition as both statements were made in 2016 and 2017 respectively. The claim for this species of prosecutorial misconduct and of fraud was not ripe until post (initial 2255) declarations were made, as any claim made on conspiracy against rights etc, would have been conclusory in nature not serving the ends of justice. Petitioner underscores based upon declarations, no reasonable jurist would not consider the declarations by the government a prima facie showing of past grand jury misconduct.

The fact stated in motion point to a clear need to evaluate specific portions of the grand jury transcripts, and expand the record under subpoena duces tecum for documents and deposition testimony. Magistrate failed to address the entirety of the motion, and wrongly dismissed the request for grand jury transcripts. The record needs to be expanded to provide the court with a thorough analysis.

It is for these reasons stated in this motion petitioner requests the following relief:

1.) Issue a "show cause" order for the government to respond.

2.) Reconsider all motions filed based upon present civil action granting grand jury motion and subpoena duces tecum request.

3.) In the event of denial a COA be granted based upon petitioner satisfying 28 U.S.C. § 2253 (c)(2)

Done Under The Penalty of Perjury 28 U.S.C. § 1746

/s/ Roy M. Belfast.

Certificate of Service

I hereby certify a copy has been sent to the United States Attorney Office located at 99 N.E. 4th Street Miami, FL 33132 in the care of A.U.S.A. Karen Rochlin.



Roy M Belfast Jr
76556-004
U.S.P. Lee
P. Box 305
Jonesville, Va 24263

Clerk of Court Room 8N
400 N. Miami Court Ho
Miami, Fl 33128

7017 1000 0000 3159 7698