FILED by SAS D.C.

MAY 18 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| Roy Belfast Jr | Civil Case No. 1:18-cv-21143-CMA |
|---|---|
| v. | |
| United States of America | |

### Rule 59(e) Motion For Reconsideration

Here comes Roy M. Belfast Jr, pro se before the district court, seeking relief under rule 59(e). Petitioner seeks all protections afforded under Supreme Court precedent Haines v. Kerner 404 U.S. 719, Russell v. City of Tampa 652 Fed. Appx. 765 (11th Cir.)

## Back Ground

A second superseding indictment was returned in the Southern District of FL charging petitioner with conspiring to commit torture in violation of 18 U.S.C. § 2340 A (c) (Count one); conspiring to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (o), (Count two); torture, in violation of 18 U.S.C. § 2340 A (Counts three through seven); and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A) (Count 8). Eleventh Circuit affirmed conviction after jury found petitioner guilty on all eight counts. The initial motion to vacate pursuant to 28 U.S.C. § 2255 was denied in February 2013, under 12-cv-20754. A second motion to vacate pursuant to 28 U.S.C. § 2255 was denied in August 2016 as no authorization to file a second or successive § 2255 motion had been granted (See DE 678; DE 679)

A non-successive petition was filed and given civil case no. 1:18-cv-21143-CMA. District Court denies motion concurring with the Magistrates Report and Recommendation.

## STANDARD OF REVIEW

Rule 59(e) does not set forth grounds for relief, district court in this circuit have identified three that merit consideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See e.g. Ctr. for Biological Diversity v. Hamilton 385 F.Supp 2d 1330, 1337 (N.D. Ga 2005); Sussman v. Salem, Saxon & Neilson, P.A., 153 F.R.D. 689, 694 (M.D. Ga 1994)

---

Argument.

### Need For Reconsideration By District Court To Correct Error And Prevent Manifest Injustice.

The final order issued by the district court failed to consider the totality of the nonsuccessive petition and objections to the report and recommendation issued by Magistrate White. Both the report and recommendation issued by Magistrate and final order by district court fails to address several claims in the non-successive petition, particularly the first claim under the heading "Continued Execution of Judgment Would Violate 18 U.S.C. § 4001(a), Executive Order 13107, 5th 14th 8th 13th sec 1. Amendment.

The Executive Branches Department of Justice, the source from which this prosecution emerged issued findings, after a April 5th, 2016 request made a determination after a one-year process and investigation under FOIA-2016-02166 in a May 17th 2017 letter issues a "official" statement alongside a 168 page release of documents that cannot support a violation of 18 U.S.C. 2340A(c).

Neither the Department of Justice records nor court records after a 1yr long exhaustive search by DOJ attorneys could provide proof a violation of 18 U.S.C. § 2340A(c). This fact and "official position" directly impacts the administration of sentence presently being executed by the Department of Justice, violating the command by Congress under 18 U.S.C. § 4001(a) and the Office of the White House under Executive Order 13107, as well as Constitutional Amendments 5th 14th 8th 13th sec.1.

The defect in the administration of sentence occurred when DOJ Washington issued May 17th 2017 FOIA-2016-02166 findings declaring: "No other responsive records were located." Petitioners April 5th 2016 request was a request to the FOIA staff located in the Executive Office for United States Attorneys, to provide any evidence to prove that petitioner violated 18 U.S.C. § 2340A(c). The May 17th 2017 FOIA-2016-02166 findings essentially means the once prosecuting body and now executor of the judgment lacks legal and moral authority to enforce the Jan 9th 2009 judgment issued by the district court in it's present form.

The claim was unavailable during previous petition and most importantly could not have ripened, as the prosecuting body of the executive branch and present enforcer of the judgment, issued it's official statement on May 17th, 2017. The FOIA-2016-02166 168 pages release are from 2016 documents filed by petitioner to the district court in the Southern District of Florida. May the court take "judicial notice" petitioners trial ended with a advisory opinion issued in October 2008, followed by the issuance of a invalid PSR and Hypothetical judgment in violation of 28 U.S.C. § 2072 in relation to count 1, there is no evidence to support count 1 conviction.

The other claim which the court fails to address is the massive void of record from trial based upon the DOJ's inability to prove a violation of 18 U.S.C. § 2340 A(c) occurred which can be found on page 16 and 17 in original non-successive petition under the heading "Insufficiency of Record". Petitioner goes on to state, "Based upon FOIA-2016-02166 findings the trial record is devoid of the following:

1. No evidence entered on the record under 801(D)(2)(E)
2. No evidence entered on the record of the two or more requirement for conspiracy.
3. No evidence entered on the record to support the knowledge element
4. No evidence entered on the record to support the overt act element.
5. No evidence entered on the record to support agreement element of conspiracy.
6. No evidence entered on the record to support that unindicted conspirators were citizens of found in the U.S. as required by 18 U.S.C. § 2340 A(b)(1)(2). Prosecutors readily admit this fact in FOIA-2016-02166 designation number A009180_20-000000.
7. No evidence entered on the record alleged victims were citizens and or U.S. residents during indictment allegations.
8. No evidence on record to support that any alleged acts took place on a aircraft, ship, on property owned, operated by U.S. gov't and or U.S. corp.

The executor of the judgment for statutory and constitutional reasons must be able to demonstrate at all times it is enforcing a lawful judgment based upon judicial, statutory, regulatory norms to avoid fraud against taxpayers, civil liability and rights afforded under laws, treaties, constitution from being breached. No lawful request for Congressional dollars can be requested for the administration of a sentence with a

PSR and Judgment that violates 18 U.S.C. § 4001(a), 18 U.S.C. § 3621 (1)(2)(3), 28 U.S.C. § 2072, Executive Order 13107

It is important to note before the court, the Department of Justice FOIA-2016-02166 findings "override" any contrary position, by the local office in the Southern District of FL or any future one that does not comport to these findings. The FOIA-2016-02166 findings means no proof beyond a reasonable doubt was reached in relation to count 1, let the court take "judicial notice" of this fact. The FOIA-2016-02166 findings demonstrate the court lacked jurisdiction to issue judgment on Jan 9th 2009 that contained a count 1 conviction.

---

### Declarations By Government Must Be Viewed In Totality With FOIA-2016-02166 Findings

The May 17th 2017 letter and 168 page release invoked serious questions with clear realities that emerged as a result. Two prominent questions emerged at minimum:

A.) What evidence was used to determine a violation of 18 U.S.C. § 2340 A (c) and issue PSR and Judgment in relation to count 1

B.) How long was the government aware it would be asserting a "non-statutory" offense in relation to count 1 (violating 18 U.S.C. § 4001(a)) before a grand jury, pre-trial before the district court, during trial, and at the sentencing phase of the proceeding.

Declarations by prosecutors demonstrate knowledge, willingness, and intent to commit misconduct before a grand jury, fraud via misrepresentation or omission regarding Congressional intent in relation to 18 U.S.C. § 2340A(c).

In addition declarations by prosecutors reinforce the "official statement" by the DOJ May 17th 2017 findings in FOIA-2016-02166. The Privacy Act staff/FOIA staff at the DOJ in their determination regarding what records were to be released, decided to make FOIA-2016-02166 designation number A00980-20-000000 part of the full release which contains the statement: "The trial record is devoid of any statement that any conspirators were citizens of or present in the United States." This statement supports the over-all findings in FOIA-2016-02166. The over-all FOIA-2016-02166 Department of Justice position provides the court jurisdiction doubling down on the reality the court had no authority to impose punishment in relation to count 1. For due diligence purposes petitioner appealed findings in FOIA-2016-02166 (and was given appeal number DOJ-AP-2017-005286) to insure no error occurred in release. Additional time was under taken to exhaustively review release. On 10/12/17 the office of Information Policy states: "I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for responsive records subject to the FOIA."

The OIP goes on to state: "Regarding your request for "notification to an investigatory body that handles misconduct, as well as notification to the A.G.'s office in the violation of 18 U.S.C. § section 4001(a), please note that the principal administrative function of the Office of Information Policy is the adjudication of appeals from the denial of access to information pursuant to the FOIA and Privacy Act of 1974 by components of the Department of Justice. This office does not have authority to review or assist in your criminal case. I regret I cannot be of any further assistance to you in this matter."

7

Please be advised that this offices decision was made only after a full review of this matter. Your appeal was assigned to an <u>attorney</u> with this office who thoroughly reviewed and analyzed your appeal, your underlying request and the action of EOUSA in response to your request."

Let the court take "judicial notice" petitioner attempted to correct the defect in the administration of sentence in the DOJ-AP-2017-005286 appeal, as well as officially through various sections of the DOJ on this defect and misconduct, these letters were sent to the following:

1. Attorney General's Office sent via certified slip no. 7016 1970 0000 9085 6447, 7016 1970 0000 9086 2639, 7016 1970 0000 9086 2639
2. A.A.G Civil Rights Division via certified slip no. 7016 1970 0000 9086 3148
3. Office of Professional Responsibility via certified slip no. 7016 1970 0000 9085 4337
4. Director of the Executive Office for United States Attorneys via certified slip no. 7016 1970 0000 9085 4320
5. Office of Inspector General via certified slip no 7016 1970 0000 9086 3100

On July 24, 2017 DOJ Mail Referral Unit assigns petitioner I.D. number 3864474 (See Ex. "A"). It was based upon OIP response; non action by DOJ to address the defect in the administration of sentence petitioner brought defect before the district court in March 2018. The governments position in Doc 718 7/31/17, 4 of 17 that it applied a different standard, not only supports DOJ Washingtons "official" May 17th 2017, FOIA-2016-02166 response and OIP appeal response on 10/21/17 under DOJ-AP-2017-005286, but supports the fraud upon the court reality, the court refuses to consider.

Even though petitioner has satisfied the non-successive petition standard, the court still possesses jurisdiction as it has been substantiated the court was in want of jurisdiction during the sentencing phase of the proceeding, and as a result is obligated to do a de novo review, sua sponte.

The May 17th, 2017 letter, and declarations by prosecutors would lead any reasonable jurist to deductively conclude based upon the devoidness and or insufficiency of the Department of Justice record as well as trial record, the district court was divested of jurisdiction to issue a judgment in relation to count 1, with all enhancements derived from count 1 advisory opinion applied to petitioner, to be in violation of 28 U.S.C. § 2072, which affected petitioner rights going forward.

"Like a judgment, the PSR determines the rights and obligations of the defendant going forward. As the Eight Circuit observed, the PSR determines the rights and obligations of the defendant going forward. As the Eight Circuit observed, the PSR "not only affects the length of sentence, but might also determine the defendants place of incarceration, chances of parole and relationships with social service and correctional services agencies after release from prison." United States v. Brown, 715 F.2d 387, 389 n.2. (8th Cir. 1983). 1. Further like an order, the PSR contains "directions or instruction" about the defendants sentence. Because the PSR affects the rights and obligations of the defendant, we conclude it is of like kind or character as a "judgment" or "order"..... See United States v. Mackay 757 F.3d 195; 2014 U.S. App. Lexis 12049

As a result no federal criminal rule of procedure could have been applied during the sentencing phase of the proceeding without modifying or abridging petitioners substantive rights.

9

This case as it stands provides the court jurisdiction and requires "no show cause" as the findings and declarations by gov't are a admittance to error in the administration of sentence, lack of courts jurisdiction during the sentencing phase of the proceeding in relation to count 1, proof of statutory and constitutional error which require a jurisdictional basis of review that is mandatory in this instance, the governments present position is not in conflict with this reality, as the preclusive bar under the statutes jurisdictional section 18 U.S.C. § 2340 A(b)(1)(2) was never overcomed by the government, on top of the fact there is no evidence to support a violation of 18 U.S.C. § 2340 A(c), coupled with the fact, the governments position is, it used a different standard to determine guilt beyond the realm of congressional intent regarding conspiracy to commit torture. (See Doc 118, 7/31/17, 4 of 17)

The courts jurisdiction can be further found based upon the fact the indictment fails to state any facts to support 18 U.S.C. § 2340 A(b)(1)(2) was satisfied before the grand jury placing 18 U.S.C. § 3231 into question regarding 18 U.S.C. § 2340 A(c). Also the jury instruction issued by the court fails to meet constitutional standard in relation to count 1, describing conspirators as "persons" erroneously when they did not meet the constitutional standard under the 5th, 14th Amendment, the government admittance under FOIA-2016-02166 under designation number A009180 20-000000 on the devoidness of jurisdictional requirement under 18 U.S.C. § 2340 A(b)(1)(2) affirms this.

The government in FOIA-2016 designation number A009180-20-000000 goes on to boast they provided information on the jurisdictionally lacking nature of 18 U.S.C. § 2340 A(b)(1)(2) to petitioners trial counsel during the pre-trial phase before this court. In other words the prosecutor admits a "conspiracy against rights" with other DOJ officials and defense counsel by knowingly, willingly, and intentionally violating 28 U.S.C. 530 B. et seq.

judicial, as well as ABA standards by failing to correct a systemic error of facts and law before the court to avoid fraud upon the court not to mention a grave injustice.

FOIA-2016-02166 findings and facts in non-successive petition, supplemental motion demonstrate a clear fundamental defect in the trial proceeding and fundamental miscarriage of justice, directly barring any argument on statutory and or judicial standards on "finality", as the presumption of innocence remains with petitioner in relation to count 1.

It is important to note testimony brought under this "one man" conspiracy negatively influenced jurors in ways neither petitioner nor courts can quantify. The most heinous testimony was brought under this erroneous assertion of count 1. Years later after recent statements and findings we must bring ourselves to ask whether this testimony brought in by Karen Rochlin was not part of a wider scheme of misrepresentation from the beginning. Let the court take judicial notice the government expanded the conspiracy count (**the only count it expanded**) in the superseding and second **superseding** indictment with the full knowledge it was doing so lawfully to either gain a superior position at trial or to secure a speedy guilty plea from petitioner.

The above stated facts, findings, declarations and argument provided in this rule 59(e) motion, non-successive petition, subpoena duces tecum, grand jury transcript request previously filed, presents profound legal questions before the court, and have grave implications regarding it's jurisdiction. The cross reference under the sentencing guidelines in relation to 18 U.S.C. § 1111 was based upon the perponderance of evidence, which cannot be sustained when the trial record is devoid of any facts to prove 18 U.S.C. § 2340 A(b)(1)(2) and 18 U.S.C. § 2340 A(c). The only thing the record supports regarding count 1 is a "one man" conspiracy.

### Petitioner Sought Expansion Of The Record Via Request For Specific Portions Of The Grand Jury Transcripts And Subpoena Duces Tecum Request To Support A In Depth Analysis By The Courts.

Both the grand jury and subpoena duces tecum motions were denied as moot, motions that sought to expand the record. As previously stated the report and recommendation and courts final order fell short of a thorough analysis. To have denied both motions based upon clearly erroneous findings further adds confusion to this case and a violation of due process. Petitioner provided a clear showing on the need to grant relief on both motions, as well as non-successive petition, as rule 45 is a right afforded under any civil proceeding, as well as a need to release **specific** portions of the grand jury transcript. The seperation of powers and suspension clause are all implicated in this case based upon the governments conduct; fundamental defect and miscarriage of justice, issues of "finality", as well as the courts want for jurisdiction at the sentencing phase of the proceeding are all at issue now in this case.

Petitioner need not file under 2255(h)(1) before the 11th Circuit but has done so with a motion seeking authorization to file a motion under a second **and** successive application, based upon the magistrate and district court projection of power depriving petitioner relief under a non-successive petition that clearly met the standard based upon facts provided. In the event of the 11th Cir Court Denial petitioner reserves the full right to come back before the court with **a** 60(b)(4) motion.

12

## Relief Sought

1. District Court either assume jurisdiction or remand final order denying non-successive petition issuing show cause and or ruling based upon the facts provided to the court, provided in all filing under civil case 1:18-cv-21143-CMA.

2. Grand Jury and Subpoena Duces Tecum motions be granted based upon erroneous findings in report and recommendation

/s/ Roy M Belfast Jr.

Done Under the Penalty of Perjury 28 U.S.C. § 1746

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via mail to A.U.S.A Karen Rochlin, 99 N.E. 4th Street Miami, FL 33132



U.S. Department of Justice

Mail Referral Unit

Washington, D.C. 20530

July 24, 2017

Roy Belfast, Jr.
#76556-004
U.S.P Lee
P.O.Box 305
Jonesville, VA 24263-0305

Dear Friend:

    Thank you for your letter dated July 21, 2017 to the Attorney General, Deputy Attorney General, or Associate Attorney General, which was received by the Department of Justice, Mail Referral Unit, on July 24, 2017 and assigned ID number 3864474.

    Your letter will be reviewed and if a response or an update is necessary it will be sent to you within 60 business days. If you have any questions, please contact us at (301) 583-7350 and refer to your ID number 3864474 when requesting any information concerning your correspondence.

Sincerely,

Mail Referral Unit
Department of Justice




Ray M. Belfast 76556-004
U.S.P. Lee P.O. Box 305
Jonesville, Va 24263

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7017 3380 0000 7344 0429

PURPLE HEART 2014
FOREVER USA

JONESVILLE 24263 MAY 15

1000
33128
$0.00
R2305K138595-01

United States District Court Southern District of FL Attn: Clerk of Court
400 N. Miami
Miami, FL 33128
"LEGAL MAIL"

331288771б C075

U. S. P ... TY
P.O. Box ... Jonesville ... 24263
"LEGAL — STAMP"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction you ... further information ...

U.S. POSTAGE
PAID
JONESVILLE, VA
24263
MAY 15, 18
AMOUNT
UNITED STATES